## AS TO QUALIFICATION OF COMMISSIONERS IN PARTITION.

Circuit Court of Lorain County.

CLIFFORD S. TERRELL v. ELECTA LEONARD ET AL.

Decided, April 29, 1910.

*Partition—Disinterested Commissioners—Discretion of Commissioners.*

1. Commissioners in partition are not disqualified to act because they have decided views of the value of the land to be aparted and have previously expressed such view, provided they are otherwise disinterested, as required by the statute.
2. Commissioners in partition are by law required to make a division of the land in an equitable manner, and before their award will be set aside, it must appear clearly that the discretion thus vested in them has been plainly abused, or that they have made a manifest mistake.

*D. J. & D. F. Nye* and *F. M. Stevens,* for plaintiff in error.
*Stroup & Fauver,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action to partition about twenty acres of land of peculiar shape, being only 144 feet wide and over a mile long, lying on both sides of the Cleveland road a few miles east of Elyria. The plaintiff, Clifford S. Terrell, owned five-sevenths, and his sister, Electa Leonard, one-seventh, and his brother, Edwin Terrell, one-seventh. About two acres of the land lies south of the road from which it rises to the well-known fertile ridge which makes such beautiful sites along this road. On this piece is the old farm house and some outbuildings. The eighteen acres north of the road drops off sharply from it to a lower level which is somewhat wet and wooded at the northern end. Clifford owns the adjoining farms on both sides of this entire strip, both north and south of the road. On the north piece is a barn half on this land and half on Clifford's adjoining land, another barn and a shed connecting the two barns. All the buildings on both pieces were built many years ago.

The commissioners first appointed found the land divisible by metes and bounds, and set off to Clifford as his five-sevenths, all the land lying north of the road. To Electa they set off half on acre south of the road on which is the old farm house, and to Edwin they gave the balance of the land south of the road.

There was some informality in the return of the commissioners; they made a slight mistake in the description of one of the pieces, which the court very properly might have corrected, but he saw fit to set aside the return, appoint the same commissioners again, over the objection of the plaintiff, and they brought in the same report a second time.

The plaintiff complains of the reappointment of the same commissioners, claiming they were not, on the second view "disinterested," as required by the statutes, and he also says that the division made by them is inequitable and unjust; that it gives him too little and his sister, Electa, too much. Edwin, as well as Electa, seems to be satisfied with the report. Clifford claims that the property is not divisible by metes and bounds, but should be sold and the proceeds divided.

We find no trouble in the claim that the commissioners were not distinterested. That they had decided views as to what division should be made of the property, obtained from their first investigation of it, is doubtless true, but that they had any interest in it of their own, is absurd, as shown by the record, which contains their cross-examination. It is in this latter sense that the law says they shall be disinterested. Ordinarily the best commissioners are those who have decided views, an intimate knowledge of the property and experience as to real estate values, and, with regard to farm lands, a thorough knowledge of the uses to which such land can be put. These commissioners were considered not only disinterested but judicious, by all parties, when they were first appointed, and the only question now before us is whether they have made such return that the plaintiff has a right to complain of it on its merits.

As to the values put by the witnesses in the court below upon the several parcels into which the farm was divided by the commissioners and the improvements upon them, they vary so and

run to such extremes that they are almost irreconcilable.  The witnesses seem to reflect the views of the parties who called them and to strive to sustain their contentions in a partisan manner.

The trial judge, in a careful manner, showing thorough knowledge of real estate values, has made an effort to sustain the division made by the commissioners by the money values given by certain of the witnesses whose testimony he considered of most weight.

His opinion on this subject while not entirely convincing, is not lightly to be disregarded, for he had the advantage of seeing the witnesses.  One thing, however, is clear, if a division by metes and bounds is to be made, the commissioners have made the only one of which the land is susceptible.  The division made by them gives Electa somewhat more than one-seventh of the property, when valued in dollars; and it gives Edwin considerable less than one-seventh, so valued.  The exceptor, Clifford, plaintiff in error, gets about his share, five-sevenths, even if the land is not to be considered with reference to the fact that he owns on both sides of it and also owns half of the barn.

Edwin has a clear right to have this division set aside, for the share set off to him is manifestly below the value of one-seventh of the whole, but he is not complaining.  Taking his share with his sister's it leaves Clifford receiving very nearly his due, even when the land is considered without reference to its surroundings.  Which is the better brother is easy to determine.

The contention of Clifford that the land, by reason of its peculiar shape, should not be divided at all, but should be sold, we think would be sound, if it were not surrounded by his land. He would be the only person who could realize its full value by making it a part of the farms he already owns.  No one else could bid as much for this farm as he can, and he owns so much, five-sevenths of it, that a sale of the farm would give him a decided advantage and might result inequitably to Electa and Edwin.

We are thus in that position with regard to this case that courts are frequently in:  no matter what is done one party or the other will suffer some loss unjustly.

The division by metes and bounds made by the commissioners gives Clifford some few dollars less than his full five-sevenths in value of the farm, if considered by itself without reference to his ownership of the adjacent farms; a sale of the farm and division of the proceeds would give Clifford an undue advantage as a bidder by reason of that very ownership.

We determine the matter, therefore, in favor of the weaker party, in favor of the owner of only one-seventh. This conclusion, we believe, is warranted by the law.

Section 12031 of the General Code of Ohio provides:

"In making such partitions the commissioners must view and examine the estate, and, on their oaths set it apart in such lots as will be most advantageous and equitable, having due regard to the improvements, situation and quality of the different parts."

We believe the division made by the commissioners in this case is, under all the circumstances, the one most advantageous and equitable that could possibly be made, and that they gave no more than due regard to the improvements, situation and quality of the different parts. Although the commissioners are merely ministerial officers, assisting the sheriff to execute an order directed to him, still it seems that they are to make the division in an equitable manner.

We are unable to say that they have abused the very large powers that are given them by the use of this word in the law directing how they shall perform their duties.

Judgment affirmed.